### ROWLANDS v. MORPHIS.

(Division A. November 24, 1930.)

[130 So. 906. No. 29001.]

J. C. Shivers, of Poplarville, and Luther L. Tyler, of Picayune, for appellant.

C. A. Bratton, of Pontotoc, for appellee.

Argued orally by **J. C. Shivers**, for appellant and **C. A. Bratton**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment awarding the appellee damages to his person and property alleged to have been inflicted by the negligence of the appellant's servant.

In November, 1929, the appellant and the appellee were both traveling in the same direction on a public highway in automobiles; the appellant's automobile being to the rear of the appellee's. The appellee's automobile was a truck with a trailer attached, and was being driven by the appellee's chauffeur. In addition to the appellant, there were in his automobile two other persons and his chauffeur, who was driving the automobile. At the place where the injury occurred, a private road leads off from the highway at right angles. Shortly before the truck reached this private road, it turned to the right of the highway, and on reaching the private road turned to the left, crossed the highway, and, as its front wheels were entering the private road, was struck by the appellant's automobile. The driver of the truck did not know of the presence of the appellant's automobile, and did not look to the rear to ascertain if an automobile was approaching, but says that he extended his left hand from the side of the truck as a signal that he was about to make the turn. The highway was twenty-four feet wide and the aggregate length of the truck and trailer was twenty feet. The appellant and one of the other occupants of his automobile testified that the automobile approached the truck traveling in the middle of the highway, which fact seems not to be in dispute, and as it neared the truck the driver of the automobile blew his horn several times to indicate that he intended to pass the truck on the left, whereupon the truck veered to the right, and the appellant's automobile was proceeding to pass it on the left when the truck, without any signal from its driver, turned suddenly to the left, the distance between the truck and the automobile then being so short that the appellant's chauffeur was unable to avoid striking the truck, though he attempted so to do by applying his brakes. There was evidence for the appellee indicating that the brakes had not been applied. The appellee and

his chauffeur testified that they did not hear any horn or other signal warning them of the approach of the appellant's automobile.

Chapter 201, Laws 1928, section 1, which amended section 2, chapter 116, Laws 1916, Hemingway's Code 1927, section 6680, prohibits the running of an automobile on a public highway at a greater speed than forty miles an hour. According to the evidence for the appellee the appellant's automobile was running at a greater, and, according to the evidence for the appellant, at a lesser speed than forty miles an hour.

The assignments of error include two of the appellee's instructions to the jury.

One of these instructions charged the jury that in suits of this character "the plaintiff shall be deemed to have made out a prima-facie case by showing the fact of his injury, or the injury to his property. And if you believe from the evidence in this case that the plaintiff G. M. Morphis, was injured on Federal Aid Highway No. 8, in Calhoun county on the morning of November 6th, as charged in the declaration on file in this case, then you will return a verdict for the plaintiff."

This instruction contains two errors:

(1) The prima-facie evidence feature of it is based on section 12, chapter 116, Laws 1916, Hemingway's Code 1927, section 6690, but that section of the statute provides, not that a prima-face case of negligence is made out by proof of injury from being struck by an automobile on a public highway, but by such proof and, in addition thereto, proof that the automobile by which the injury was inflicted was then being "run or operated in a manner contrary to the provisions of this act." That the appellee was injured by the collision of the appellant's automobile with his truck was admitted; consequently the instruction was in effect a peremptory charge to the jury that a prima-face case of negligence had been proven, the results that flow from which are set forth

in Alabama & V. Ry. Co. v. Thornhill, 106 Miss. 387, 63 So. 674, although the evidence was in sharp conflict as to a necessary element thereof, which element is that the appellant's automobile was then being driven at a greater speed than forty miles an hour in violation of section 2, chapter 116, Laws 1916, Hemingway's Code 1927, section 6680, as amended by section 1, chapter 201, Laws 1928.

(2) If the last sentence in the instruction was intended to charge the jury to find for the appellee if they believed from the evidence that the appellee was injured in the manner and form set forth in the declaration, it comes within the condemnation of Southern Ry. Co. v. Ganong, 99 Miss. 540, 55 So. 355, and Yazoo & Miss. V. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90, and therefore should not have been given. But it does not specifically so charge, and, though probably not so intended by the draftsman, is calculated to lead the jury to believe that they should find for the plaintiff on proof only of the injury sustained by him from the collision of the two automobiles. That he sustained the injury charged in the declaration is admitted; the controversy being over the manner and form thereof. The instruction therefore comes dangerously near directing a verdict for the appellee.

Should we assume that the second erroneous element in this instruction is cured by other instructions that were granted, as contended by counsel for the appellee, as to which we express no opinion, the first-mentioned erroneous element thereof would still remain.

By the other instruction the jury were charged "that if you believe by a preponderance of the evidence that the defendant, Lamont Rowlands was operating his automobile on the Federal Aid Highway No. 8 on the date in question at a greater rate of speed than forty miles an hour by and through his servant, and plaintiff was in-

jured thereby then you will find a verdict for the plaintiff and in such an amount as you may believe from the evidence will compensate plaintiff for his injury.''

To drive an automobile on a highway at a greater speed than the section of the statute hereinbefore referred to permits is negligence per se, but, in order for the unlawful speed to be an element of liability for an injury inflicted by an automobile while being driven at an unlawful speed, it must appear that the unlawful speed was a proximate contributing cause of the injury. In other words, if the injury would have been inflicted though the automobile was then being driven at a lawful speed, there is no liability therefor, in the absence of other acts of negligence that proximately contributed to the injury. This accords with the general law of negligence, and has been the uniform holding of this court in cases arising under section 4043, Code 1906, Hemingway's Code 1927, section 7894, which prohibits a railroad from running its locomotives and cars through a municipality at a greater speed than six miles an hour. 2 Blashfield Cyc. of Automobile Law, 1221 et seq.

Reversed and remanded.