SOMERVILLE *v.* KEELER *et al.*

(Division A. Jan. 23, 1933. Suggestion of Error Overruled Feb. 6, 1933.)

[145 So. 721. No. 30158.]

F. E. Everett, of Indianola, Somerville & Somerville, of Cleveland, and Howorth & Howorth, of Jackson, for appellant.

L. C. Hallam, of Jackson, for appellees.

Argued orally by **Lucy Somerville Howorth** and **A. D. Somerville**, for appellant, and by **L. C. Hallam**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellant instituted this suit against Mr. and Mrs. C. B. Keeler and their daughter, Elizabeth Keeler, seeking to recover damages for personal injuries resulting from the alleged negligent operation of an automobile, owned by the appellees, which was, at the time of appellant's injury, being driven by the said Elizabeth Keeler. At the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict in favor of the appellees, and thereupon a nonsuit was entered as to Elizabeth Keeler. This appeal was prosecuted from the judgment entered in favor of Mr. and Mrs. Keeler.

On the afternoon of December 8, 1929, the appellant was driven in his automobile by his daughter from his home in Cleveland, Mississippi, to the post office, which is located on the east side of Sharpe avenue in said city. Sharpe avenue runs north and south, is about fifty-two feet wide, and is paved with asphalt. The post office is

in a building near or toward the center of a block of buildings on the east side of this avenue, which fronts west and toward the railroad tracks and the depot. When the appellant's automobile arrived at a point in the avenue approximately in front of the post office, it was discovered that all parking spaces on the east side of the block near the post office were occupied, and thereupon he alighted from his automobile, and directed his daughter to drive north to the next street intersection and there turn and return for him on the west side of the avenue. He then entered the post office and took from his lock box two letters, one of which he opened and read, either before he left the post office, or as he walked back into the avenue to cross to his automobile, which was then in the act of being parked at the west curb of the avenue.

Upon the point as to whether the appellant was reading as he walked across the avenue, the evidence is in conflict; but he testified that he opened and read one letter in the post office building, and then walked out into the avenue between two parked cars; that as he walked out into the avenue, he looked south and observed an automobile being pushed by hand from the curb into the avenue just south of the point where he intended to cross, but saw no car traveling north along the avenue; that he then looked north and saw an automobile approaching from that direction, but about two hundred feet away. He further testified, that while still observing the automobile approaching from the north, he walked toward his automobile, which was parked on the opposite side of the avenue, passing several feet north of the car that had been pushed out into the avenue; and that when he passed beyond this automobile which was then standing still, headed north, and just as he reached the middle of the avenue, he was struck by the Keeler automobile, driven by Miss Keeler, and was knocked to the pavement and seriously injured.

Miss Elizabeth Keeler, and other witnesses for the appellees, testified that as she was driving north on Sharpe avenue, at a lawful rate of speed, she came up behind the automobile which had been pushed into, and was standing in, the avenue; that she turned to the left of this automobile to proceed north, thereby placing the left wheel of her automobile just west of the middle of the avenue; that as she passed beyond the north end of this car that was standing in the avenue, the appellant suddenly walked from in front of it into the right front fender of her automobile; and that she did not see the appellant until he walked against the side of her automobile. The two other occupants of the Keeler car also testified that they were looking ahead, but did not see the appellant until he walked into the side of the automobile.

The testimony is in conflict as to the speed of the automobile at the time of the accident, and the distance within which it was stopped after striking him; the estimates varying from three inches to three feet. The place where the appellant was injured was near the middle of the block, and not at a regular crossing; but there was evidence to the effect that it was common practice for pedestrians to cross the street between the crossings. The evidence was also conflicting as to whether, at the time of the accident, Miss Keeler was keeping a lookout ahead, or was looking to her left and waving at the appellant's daughter as she parked her car at the west curb.

At the time of the accident Elizabeth Keeler was twelve and one-half years of age, and had been driving an automobile for about eighteen months; and there was testimony to the effect that she was a competent, safe, and careful driver. The appellees permitted their daughter to drive the family automobile at will, but at the time of the accident she was engaged in no mission or service for either of them. She was, at that time, driv-

ing the automobile for her own pleasure and recreation, having as her companions and guests two close personal friends and associates of the age of about fourteen years. The appellees did not know that their daughter was driving the car on the occasion in question, as they were on a visit to Memphis, Tennessee, and did not learn of the accident until they returned to Cleveland about two hours after it occurred.

The voluminous testimony in reference to the nature and extent of the appellant's injury, and the consequent damages, is not material to a decision of the question presented by this appeal, and will not be set forth. Suffice it to say, that the appellant was very seriously injured.

The appellant offered in evidence an ordinance of the city of Cleveland, enacted May 7, 1920, section 1 of which provides that: "It shall be unlawful for any person or persons to allow within the corporate limits of the town of Cleveland, Mississippi, a child under the age of fifteen years of age to drive any motor vehicle, automobile, or vehicle of any kind propelled by the agency of gasoline, oil or steam, belonging to them or under their control."

This ordinance was excluded by the court, and the principal assignment of error is based upon the exclusion thereof. At the time this ordinance was enacted, in 1920, chapter 116, Laws of 1916, was in effect; and section 15 of that act provides that "Local authorities shall not pass any ordinance, by-law or resolution, in violation or in conflict with any of the provisions of this act . . .;" while section 10 of that act provides that "No person shall operate or attempt to operate a motor vehicle while such person is in a state of intoxication, or is in other respects incapable of properly and safely operating said motor vehicle, on any public highway, street, avenue or alley within this state."

In support of the action of the court below, the appellees contend that in enacting section 10 of the Act of 1916, prohibiting any persons from operating an automobile while in a state of intoxication, or while in other respects incapable of properly and safely operating a motor vehicle, the Legislature has in effect authorized all persons except those in the state of intoxication, or those in other respects incapable of properly and safely operating an automobile, to operate automobiles on all the highways of this state; and that consequently this ordinance, making it unlawful to permit a child under the age of fifteen years to drive an automobile within the corporate limits of the city of Cleveland, is in conflict with said section 10 of the Act of 1916, and is therefore void.

While the ordinance does not in express terms fix an age limit for driving an automobile, the provision making it unlawful for any person to permit a child under fifteen years of age to drive an automobile within the corporate limits of the city of Cleveland, in effect, fixes an age limit of fifteen years. Section 3338, Code 1906 (now section 2414, Code 1930), which was in effect at the time the ordinance in question was adopted, confers upon municipal authorities full jurisdiction over the streets of the municipality, and we do not think the ordinance prohibiting the employment of minors under fifteen years of age to operate automobiles is in conflict with the state's statute prohibiting the operation of an automobile by any person who is incapable of properly and safely operating it. This ordinance is merely supplementary to the provisions of the general statute, and the further limitation placed thereby on drivers of automobiles within the municipality by designating a class as being incapable of properly and safely operating automobiles therein is a valid exercise of the jurisdiction over streets conferred upon the governing authorities

of the municipality, and it was error to exclude the ordinance from the evidence.

In support of this view, we refer to the case of U. S. Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34, 50 S. Ct. 165, 166, 74 L. Ed. 683, 72 A. L. R. 1064, wherein the court had under consideration the validity of an ordinance of the city of Lakewood, Ohio, making it unlawful for any owner, bailee, lessee, or custodian of a motor vehicle to permit a minor under the age of eighteen years to operate or run said motor vehicle upon the public highways, streets, or alleys in said city. The statute of the state of Ohio, at that time, made unlawful the operation of an automobile by a minor under sixteen years of age, and the court held that that fact did not affect the validity of the city ordinance, as the ordinance merely supplemented locally the provision of the general statute, and was not in conflict with it, saying: "Plainly, the general statute which merely forbids the employment of minors under sixteen years to operate automobiles, does not prevent the city, in the exercise of its delegated power to regulate the use of its streets, from prohibiting the operation of automobiles by minors under eighteen years of age. Such a regulation merely supplements locally the provision of the general statute and is not in conflict with it. Thus in Heidle v. Baldwin, 118 Ohio St. 375, 385, 58 A. L. R. 1186, 161 N. E. 44, the court held that a municipality had the power to adopt regulations as to the use of its streets in addition to those imposed by a state statute, and sustained an ordinance imposing a more onerous obligation upon drivers at intersecting streets than that imposed by the statute."

Over the objection of appellees, there was introduced in evidence an ordinance of the city of Cleveland, adopted July 7, 1914, section 6 of which reads as follows: "Be it further ordained, that all vehicles passing other vehicles traveling in same direction shall signal and pass

to the left of the vehicle being passed, and shall then join the line of travel, keeping to the right."

By cross-appeal herein the appellees assign as error the admission of this ordinance; the contention being that section 6, the provision thereof that is pertinent to the issues herein involved, is so indefinite and uncertain as to the kind and character of signal required of motorists as to render the section void. We do not think this contention is maintainable. It is a matter of common knowledge that since the advent of motor vehicles it has been the universal custom to equip them with a device for signaling by sound, usually some kind of a horn; and in recognition of the necessity of so equipping such vehicles, section 9, chapter 116, Laws of 1916, was enacted requiring that they be equipped with "a suitable horn, bell or other signal device, for giving notice of its approach," while the present statute, section 5575, Code of 1930, requires that such vehicles, while in use on public highways, shall be equipped with a suitable and effective signal device, for giving notice of their approach. It is manifest that the primary purpose of this ordinance and these statutes is to enable and require motorists to give warning to travelers in front of them, when passing other vehicles; and, in order for such a signal to be effective, it must be one given by sound. And in the absence of specification in the ordinance as to the kind of signal required, the provision that motorists shall signal when passing other vehicles traveling in the same direction will be construed as requiring the use of the available sound signal customarily in use on such vehicles.

It was negligence on the part of the appellees to permit their daughter, under the age of fifteen years, to drive their automobile on the streets of the city of Cleveland in violation of the city ordinance; but, in order for this negligence to be an element of liability for the injury inflicted, it must appear that this negligent act was

a proximate contributing cause of the injury. Rowlands v. Morphis, 158 Miss. 662, 130 So. 906. In other words, there must be some causal connection between the accident and the fact that the car was being driven by said minor, Hossley v. Union Indemnity Co., 137 Miss. 537, 102 So. 561; and the liability of the owners for the mere permissive use of the automobile in violation of the ordinance must rest not alone upon the fact of such permission, but upon the combined negligence of the owners and the driver—the negligence of the one in intrusting the vehicle to an incompetent or prohibited driver, and of the other in its operation. Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87.

Upon the question of whether or not the minor, Elizabeth Keeler, was guilty of negligence in operating the automobile at the time and place of the injury, we are of the opinion that the evidence was sufficient to carry the cause to the jury, and that, upon the question of the liability of the appellees, the cause should have been submitted to the jury under proper instructions upon the issues involved.

The judgment of the court will therefore be affirmed on cross-appeal, and reversed and remanded on direct appeal.

Affirmed on cross-appeal, and reversed and remanded on direct appeal.