**Lou Ann HOOD, Plaintiff,**

v.

**DEALERS TRANSPORT COMPANY, Defendant.**

**No. DC 77–51–S.**

United States District Court, N. D. Mississippi, Delta Division.

Oct. 11, 1978.

Jack Dunbar, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Clarksdale, Miss., for plaintiff.

Frank S. Thackston, Jr., Lake, Tindall, Hunger & Thackston, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The defendant has filed a motion for partial summary judgment or an order in limine as to the introduction of certain evidence on the trial of the action.

The issue has been briefed by the parties and the motion is now ripe for decision.

Defendant's truck was involved in an accident which forms the basis of this suit. The truck was driven by defendant's employee, Willie L. Pegues. The master-serv-ant relationship has been admitted, and the doctrine of respondeat superior applies in the case. Defendant's vicarious liability is established by the pleadings.

Plaintiff has amended the complaint and added a Count (Count III) seeking to invoke the theory of negligent entrustment. In Count III, plaintiff seeks to recover punitive damages on the theory of negligent entrustment, even though the negligent acts of defendant's servant bringing about plaintiff's injuries may not justify an award of punitive damages.

Defendant contends that the theory of negligent entrustment is not relative to the issues because there does not exist a controversy as to defendant's vicarious liability in the case.

At the heart of the controversy is the right of plaintiff to introduce evidence on the trial of the case relative to certain traffic violations committed by Pegues prior to the accident of which defendant had knowledge or in the exercise of reasonable care should have discovered at the time its truck was entrusted to the care of Pegues.

The court is of the opinion that any evidence of Pegues' prior violations of traffic laws are not relevant on the issue of his negligence in the operation of defendant's truck at the time of the accident. That Pegues might have violated the speed laws or operated a vehicle in a negligent manner on other occasions would not be relevant on the issue of whether he negligently operated the truck on the occasion in question, unless such violations occurred in such proximity to the scene of the accident as to have some probative value.

The Mississippi Supreme Court has held that for an owner of a motor vehicle to be cast in liability for the negligent entrustment of his vehicle to another, there must appear from the preponderance of the evidence that such negligent act was a proximate contributing cause of the injury. The Mississippi court has adopted the theory that the liability of the owner of a vehicle for permitting it to be operated by an incompetent operator can be fixed only by the

concurrence of that negligent act with a negligent act of the person to whom custody the vehicle was entrusted, that is upon the combined negligence of the two; negligent entrustment, without more, does not give rise to liability. *Somerville v. Keller,* 165 Miss. 244, 145 So. 721, 724 (1933); 60A C.J.S. *Motor Vehicles* § 431(1) at p. 952 (1969).

In the action sub judice, the vicarious liability of defendant is established by the admissions of the parties. It does not depend upon the negligent entrustment doctrine. To recover, plaintiff must prove by the preponderance of the evidence that some negligence on the part of defendant's servant proximately contributed to the injuries sustained by her. Should the evidence warrant the imposition of punitive damages against defendant on account of the gross or wilful negligence of defendant's servant, the negligent entrustment act of defendant, if any, would add nothing to the case. It would not be material or relevant. The Mississippi Supreme Court, in *Brown Oil Tools, Inc. v. Schmidt,* 246 Miss. 238, 148 So.2d 685, 687 (1963) held:

> Assuming, for the purpose of argument, that Brown Oil Tools, Inc. was negligent in continuing to furnish Charles Sokovich, its employee, an automobile, still, it is not liable for the injury and death of Mrs. Schmidt unless there was some testimony introduced in the trial of the case showing that Charles Sokovich, its agent, did some negligent act which proximately contributed to the death of the deceased. *Rowlands v. Morphis,* 158 Miss. 662, 130 So. 906; *Martin v. Cazedessus,* 15 La.App. 100, 130 So. 129 (1930).

It is recognized that "the master or principal will never be held liable in exemplary damages where the servant or agent would not be if the suit were against him directly . . . ." 25 C.J.S. *Damages* § 125(4) at p. 1156 (1966) (footnote omitted).

■ Punitive damages are imposed as punishment for the gross disregard for the rights of the complaining party, are not a favorite in law and are allowed only with caution and within narrow limits. *Lee v. Southern Home Sites Corporation,* 429 F.2d 290, 294 (5th Cir. 1970).

Counsel for plaintiff have cited a number of cases from other jurisdiction which seem to support the contention that defendant can be sued under the negligent entrustment theory, not for the purpose of fixing liability for the acts of the truck driver, but for the sole purpose of recovering punitive damages of defendant for the wilful and intentional act of employing an incompetent and known reckless driver in gross disregard of the rights of the plaintiff.

This action is Erie bound.[1] The Mississippi Supreme Court has not acted upon the precise issue represented here. An educated guess must be made since the question cannot be submitted by pre-trial procedure as is permissible in some states in this circuit.

■ The court is convinced that should the question be submitted to the Mississippi Supreme Court that court would hold that the defendant would be liable for punitive damages only if its driver would be liable for such damages had the driver been made a party to the action.

If plaintiff can show by a preponderance of the evidence that the truck driver was guilty of such gross negligence on the occasion in question as would warrant the imposition of punitive damages, plaintiff may prevail on the issue. Otherwise plaintiff is not entitled to recover punitive damages of defendant.

The court is also of the opinion that evidence that defendant's driver has been convinced either by pleas of guilty, nolo contendere or forfeiture, of prior traffic violations consisting of speeding, reckless driving, failure to yield or turn, will not be competent on the trial of the action. Federal Rules of Evidence 404(b).

An appropriate order is being entered by the court.

---

1. *Erie R. R. v. Tomkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).