**William J. COLE, et al., Plaintiffs,**

v.

**Troy Lloyd ALTON, etc., et al., Defendants.**

**No. WC 82–36–WK–P.**

United States District Court,
N.D. Mississippi, W.D.

July 21, 1983.

See also, D.C., 567 F.Supp. 1081.

Barrett J. Clisby, Oxford, Miss., Reed L. Malkin, Memphis, Tenn., for plaintiffs.

W. Scott Welch, III, Kenneth W. Barton, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendants.

KEADY, District Judge.

In this diversity action, plaintiffs William J. Cole and Etta Mae Cole, individually and as next friends of three deceased minor children, and William Clifton Cole and John Len Cole, brothers of decedents, sue defendants Troy Lloyd Alton and Atlas Carriers, Inc., for various claims arising from a motor vehicle collision which occurred near Red Banks, Mississippi, on October 28, 1981. The amended complaint alleges two distinct theories of recovery against defendant Atlas: respondeat superior and negligent entrustment. With reference to plaintiffs' respondeat superior claim, plaintiffs assert, and defendants have stipulated, that defendant Alton, the driver of the truck involved in the collision, was employed by Atlas and acting within the scope of his employment at the time of the accident. The court now has before it defendant Atlas' motion for partial summary judgment on the negligent entrustment claims.

The precise issue here presented is whether Mississippi law, which is indisputably controlling, demands dismissal of a negligent entrustment claim where, as here, the employment relationship has been conceded and, assuming arguendo the negligence of the employee, vicarious liability admittedly applies. The practical effect of plaintiffs proceedings against the employer under a negligent entrustment theory as well as under the doctrine of respondeat superior would be to allow plaintiffs to introduce at trial evidence of the driver's prior traffic violations, otherwise inadmissible under F.R.Evid. 404(b).

This federal district court has previously held, in an opinion authored by the late Judge Smith, that where the defendant's vicarious liability is not in issue, evidence of an employee's prior traffic violations is not relevant, since such evidence has no relation to the question of whether the employee acted negligently on the particular occasion. *Hood v. Dealers Transport Co.*, 459 F.Supp. 684, 685–86 (N.D.Miss.1978). The court in *Hood* reasoned that since under either theory of recovery, respondeat superior or negligent entrustment, liability could not be imposed against the employer, absent a find-

ing that the employee was negligent, and since the employer's vicarious liability was established by admission, the employer's liability did not depend upon the doctrine of negligent entrustment. *Id.* at 685–86. Under this rationale, Judge Smith granted defendant employer's motion in limine, excluding evidence of the employee's previous traffic offenses on the ground that such evidence was unduly prejudicial.

The Mississippi Supreme Court addressed the issue in *Nehi Bottling Co. v. Jefferson,* 226 Miss. 586, 84 So.2d 684 (1956), where, in a factual situation similar to the one at bar, the court held that it was error for the trial court to admit testimony as to other accidents in which the defendant employee-driver had been involved, since the fact that the driver had been acting within the scope of his employment at the time of the accident was admitted by the parties. 84 So.2d at 686. While *Nehi* appears only to address the issue of evidentiary exclusion, and not the dismissal of a claim, the case has been cited by other state courts as standing for the proposition that Mississippi adheres to the majority rule that dismissal of negligent entrustment claims is proper where the issue of vicarious liability is not in controversy. *See, e.g., Willis v. Hill,* 116 Ga. App. 848, 159 S.E.2d 145, 153–54 (1967); *Neff v. Davenport Packing Co.,* 131 Ill. App.2d 791, 268 N.E.2d 574, 575 (1971).

■ Plaintiffs contend that *Nehi* is distinguishable on the ground that a claim of negligent entrustment was not asserted by the *Nehi* plaintiff. In fact, *Nehi* does not clearly state under which theory of recovery the plaintiff proceeded, but the fact that the *Nehi* plaintiff attempted to introduce evidence of the driver's prior traffic violations strongly suggests that negligent entrustment was, at least impliedly, an issue in the case. In any event, the rule established by the court in *Nehi* is unambiguous:

> "It was error for the trial court to admit testimony for plaintiff as to other accidents in which Davis allegedly was

involved. This could have been admissible to obviate the necessity of proving agency, under the rule that where one entrusts a vehicle to one known to be a reckless driver, the former is responsible for the acts of the driver, although the driver was not about the owner's business. But in this case appellants' answer admitted that Davis was within the scope of his employment at the time and place in question, and Davis so testified."

84 So.2d at 686.

■ Plaintiffs next urge that summary judgment on the negligent entrustment issue should not be granted where, as here, punitive damages have been demanded against both employee and employer. In support of this contention plaintiffs quote *Willis v. Hill,* 116 Ga.App. 848, 159 S.E.2d 145, 159 (1967) to the effect that plaintiff may proceed under a negligent entrustment theory, even where vicarious liability has been admitted, if such an admission would be ineffective to subject the employer "to liability to the same extent as could be imposed upon him as a negligent entrustor." However, plaintiffs' reliance on this small excerpt from *Willis* is misplaced for two reasons. First, *Willis* itself further states that:

> "When the driver's employer comes in and admits ... that he is liable for the driver's acts under the doctrine of respondeat superior if the driver has been negligent, the plaintiff may recover all damages to which he is legally entitled by establishing the driver's negligence."

159 S.E.2d at 157.

More importantly, our court's decision in *Hood v. Dealers Transport Co.,* 459 F.Supp. 684 (N.D.Miss.1978), clearly establishes that where the applicability of the doctrine of respondeat superior has been admitted,

> "[s]hould the evidence warrant the imposition of punitive damages against defendant [employer] on account of the gross or wilful negligence of defendant's servant, the negligent entrustment act of

the defendant, if any, would add nothing to the case. It would not be material or relevant."

459 F.Supp. at 686.

In other words, the demand for punitive damages must either stand or fall upon the actions of the defendant Alton. If his acts were such as to warrant the imposition of punitive damages against him, plaintiff would be entitled to such a recovery from his employer, Atlas Carriers.

■ Finally, the court acknowledges that Mississippi law, as represented by *Nehi Bottling Co. v. Jefferson* and *Hood v. Dealers Transport Co.,* does not *expressly* authorize dismissal of a negligent entrustment claim against an employer where vicarious liability has been admitted. Those cases deal more directly with exclusion of evidence; however, the practical difference in the instant case in granting a motion in limine and in granting summary judgment, given our ruling that an award of punitive damages will not be foreclosed thereby, is negligible. Since the State Supreme Court has not passed upon the precise issue of claim dismissal under these circumstances, we are bound by *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) to predicate the course of the law in this state as accurately as possible. We are confident that, if confronted with the same question, the Mississippi courts would find summary judgment on a claim of negligent entrustment appropriate where vicarious liability is not disputed.

Therefore, it is

ORDERED:

That defendant's motion for partial summary judgment on plaintiff's claim of negligent entrustment is granted.