Stacy LOVE, by Her Guardian, Susan SMITH, Plaintiff,

v.

William A. McDONOUGH, d/b/a McDonough's Liquors, et al., Defendants,

State Farm Fire and Casualty Company, Defendant–Garnishee.

Civ. A. No. W90–0019 (B).

United States District Court, S.D. Mississippi, W.D.

March 7, 1991.

**398**

John E. Mulhearn, Jr., Mulhearn & Mulhearn, Natchez, Miss., for plaintiff.

Michael F. Myers, William M. Dalehite, Jr., Steen Reynolds Dalehite & Currie, Jackson, Miss., for State Farm.

William L. Denton, Denton & Tyler, Biloxi, Miss., for Ana Maria Pyron.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Motion of Defendant–Garnishee State Farm Fire and Casualty Company ("State Farm") for Summary Judgment and on the Application of Defendant–Garnishee State Farm for Review of two Orders of the United States Magistrate regarding discovery in this matter. Having considered the Motion for Summary Judgment together with the supporting and opposing memo-

randa and documentation, the Court is of the opinion that the Motion of State Farm is well taken and should be granted for the reasons as set forth below. The Court's disposition of the Motion for Summary Judgment renders the Applications for Review moot.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 23, 1988, Plaintiff, Stacy Love, was an occupant in an automobile involved in an accident with another automobile driven by Susie Pyron. Love suffered significant injuries from that accident. The vehicle operated by Susie Pyron at the time of the accident was owned by her mother, Ana Maria Pyron, Defendant/Cross–Defendant. Ana Maria Pyron and Susie Pyron were both insureds under a policy of homeowner's insurance issued by the Defendant–Garnishee State Farm.

On June 10, 1988, Stacy Love, by and through her guardian, Susan Smith, filed suit in the Circuit Court of Adams County, Mississippi, against Susie Pyron, Ana Maria Pyron, and others on numerous theories of liability for the injuries Stacy Love sustained. Following dismissal of the other Defendants on June 14, 1989, a final judgment was entered on August 4, 1989, against Ana Maria Pyron in the amount of $5,556,966.00. According to the judgment, the liability of Ana Maria Pyron was based upon four separate theories of liability, including negligent entrustment, negligent supervision, statutory liability, and Ana Maria Pyron's failure to serve responses to Plaintiff's request for admissions. Pursuant to an order of the United States Bankruptcy Court dated August 9, 1988, Plaintiff was enjoined from executing against any assets of Ana Maria Pyron, except for any liability insurance she might have.

Prior to the January 23, 1988, accident, State Farm had issued a homeowner's policy to Ana Maria Pyron with a liability limit of $100,000.00. On January 29, 1990, Plaintiff filed a Complaint for Suggestion of Garnishment in the Circuit Court of Adams County against State Farm, seeking payment for the judgment previously ren-

dered in the Circuit Court of Adams County, up to the limits of liability of the policy. The Complaint also made vague allegations regarding a possible declaratory judgment against Ana Maria Pyron. The case was properly removed to this Court by State Farm. Ana Maria Pyron has cross-claimed against State Farm, seeking actual and punitive damages for State Farm's alleged bad faith refusal to furnish her with a defense in the action filed by Love in the Circuit Court of Adams County. On May 22, 1990, State Farm filed its Motion for Summary Judgment.

By Order dated July 6, 1990, and by Order dated August 28, 1990, the United States Magistrate ordered State Farm to respond to certain discovery of Plaintiff and Cross–Claimant, regarding the policies of homeowner's insurance issued to Cross–Claimant by State Farm both before and after the automobile accident in which the Plaintiff was injured. State Farm has filed Applications for Review of both Orders, claiming that the requested discovery is irrelevant to the issues before the Court.

## II. ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Moreover, the party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrog-

atories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553. Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists.

In its Motion for Summary Judgment, State Farm contends that the applicable policy provisions in effect at the time of Plaintiff's accident did not, as a matter of law, provide any coverage for Plaintiff's claims. State Farm alleges that it did not have a duty to defend or indemnify Ana Maria Pyron for the lawsuit because coverage under the policy was clearly and unambiguously excluded. Plaintiff argues that the applicable policy provision should be deemed ambiguous by the Court.

■ Whether an ambiguity exists in the policy is a legal question to be determined by the court. *Wilson v. United States Fidelity and Guaranty Insurance Co.,* 659 F.Supp. 553 (S.D.Miss.), *aff'd,* 830 F.2d 588 (5th Cir.1987); *Western Line Consolidated School District v. Continental Casualty Co.,* 632 F.Supp. 295 (N.D. Miss.1986). Once it is determined that the policy is clear and unambiguous, the meaning and effect of the policy is also a question of law to be judicially decided. *Overstreet v. Allstate Insurance Co.,* 474 So.2d 572 (Miss.1985).

This case can be decided on the meaning of the policy provisions. Therefore, there are no genuine issues of material fact which would preclude summary judgment.

■ The homeowner's policy issued by State Farm to Ana Maria Pyron, Policy Number 24–96–9677–6, which was in effect on January 23, 1988, excluded liability coverage for "bodily injury or property damage ... arising out of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by, or rented or loaned to any insured." Ana Maria Pyron was the named insured under the policy. Susie Pyron is the daughter of Ana Maria Pyron, was residing in her household at the time of the accident, and,

accordingly, was an insured under the terms of the policy. The vehicle that Susie Pyron was operating was owned by Ana Maria Pyron. It is clear that under the terms of the policy that Susie Pyron was "using" the motor vehicle at the time of the accident.

The homeowner's policy issued to Ana Maria Pyron which was in effect on January 23, 1988, was written on Form HO–3(7–77). The policy had no specific exclusions for negligent entrustment, negligent supervision, or statutory liability. State Farm subsequently modified its policy form and issued a new form (Form FP–7193), which provided specific exclusions for noncoverage of negligent entrustment, negligent supervision, and statutory liability.

Plaintiff's contention is that the policy written on Form HO–3(7–77) does not exclude coverage for Ana Maria Pyron's negligent entrustment of her vehicle to Susie Pyron, her negligent supervision of the use of that automobile, or her statutory liability for Susie Pyron's actions. Plaintiff's theory is that Ana Maria Pyron's entrustment of the vehicle was an act separate and distinct from Susie Pyron's use of it. Further, Plaintiff asserts, the liability of Ana Maria Pyron did not arise out of the ownership, maintenance, use, loading or unloading of a motor vehicle owned or operated by or rented or loaned to any insured, but arose through her own non-vehicular conduct.

The Court is presented with a case of first impression in this state. As this case is brought under the diversity jurisdiction of this Court, the Court is *Erie*-bound to decide the case by predicting how the Mississippi Supreme Court would decide the case if it were before that court. The Court is cognizant of authority in other jurisdictions that supports both positions espoused in this case. The overwhelming majority of decisions support State Farm's position, and the Court adopts that position which states that the policy exclusion at issue is clear and unambiguous. The Court is of the opinion that a construction of the subject policy provision as is urged to the Court by Plaintiff completely ignores the clear and unambiguous language of the provision as well as the law of Mississippi. Plaintiff posits that there are no specific exclusions in the policy regarding negligent entrustment, negligent supervision, and statutory liability and that Ana Maria Pyron's liability arose from her own acts. Plaintiff's argument attempts to create coverage that never existed and which was never within the contemplation of either party to the contract. It is patently obvious to the Court that Stacy Love's bodily injury arose out of Susie Pyron's use of a motor vehicle which was owned by an insured, Ana Maria Pyron, and which was operated by an insured, Susie Pyron, and that Plaintiff's claim against Ana Maria Pyron was not covered under the policy.

Plaintiff's flawed theory is that the bases of liability against Ana Maria Pyron, negligent entrustment, negligent supervision, and statutory liability pursuant to Section 63–1–25, are unrelated to the use of the automobile by Susie Pyron. The established law in Mississippi is that there is no liability for negligent entrustment of a vehicle without a subsequent negligent use of that vehicle. *Somerville v. Keeler,* 145 So. 721, 724 (Miss.1933). "[N]egligent entrustment, without more, does not give rise to liability." *Hood v. Dealers Transport Co.,* 459 F.Supp. 684, 686 (N.D.Miss.1978).

Numerous courts have considered the tort of negligent entrustment in the context of vehicle use exclusions such as the one at issue in this case. The vast majority of those decisions have recognized that there can be no liability for negligent entrustment without negligent use and have therefore upheld the exclusion denying coverage. *See, e.g., Rubins Contractors, Inc. v. Lumbermens Mutual Insurance Co.,* 821 F.2d 671 (D.C.Cir.1987) (applying Maryland law, court held that exclusion covers negligent entrustment of a vehicle); *Allstate Insurance Co. v. Ellison,* 757 F.2d 1042 (9th Cir.1985) (applying Alaska law in excluding coverage for negligent entrustment of airplane); *Southeastern Fire Insurance Co. v. Heard,* 626 F.Supp. 476 (N.D.Ga.1985) (applying Georgia law to boat exclusion); *Cooter v. State Farm Fire and Casualty Co.,* 344 So.2d 496 (Ala.

1977) (coverage excluded in action for personal injuries arising out of automobile accident based on insured's negligent entrustment); *Lumbermens Mutual Casualty Co. v. Kosies*, 124 Ariz. 136, 602 P.2d 517 (Ct.App.1979) (cases holding homeowner's policy provides coverage based on "faulty reasoning"); *Aetna Casualty & Surety Co. v. American Manufacturers Mutual Insurance Co.*, 261 Ark. 326, 547 S.W.2d 757 (1979) (applying exclusion to negligent entrustment of recreational vehicle); *Safeco Insurance Co. v. Gilstrap*, 141 Cal. App.3d 524, 190 Cal.Rptr. 425 (1983) (where an exclusion exists as to the instrumentality, i.e., a motor vehicle, no coverage exists for a claim based on negligent entrustment of that instrumentality); *Hawaiian Insurance & Guaranty Co. v. Chief Clerk*, 68 Haw. 336, 713 P.2d 427 (1986) (negligent entrustment of automobile by insured was not act separate from operation of the car for purposes of applying exclusion); *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus*, 633 S.W.2d 787 (Tex. 1982) (applying exclusion to recreational vehicle). These cases, and others, recognize that the entrustment of the vehicle cannot be separated from its use for the purposes of construing the policy exclusion.

One of the most frequently cited cases in support of this position is *Cooter v. State Farm Fire and Casualty Co.*, 344 So.2d 496 (Ala.1977), in which the Alabama Supreme Court considered a policy exclusion, nearly identical to the State Farm exclusion in this case, in relation to an insured's negligent entrustment of his vehicle to his son. The law in Alabama relative to negligent entrustment was similar to that of Mississippi in that no liability could result to one entrusting an automobile without the negligent use of the automobile by the driver. The Alabama court rejected the plaintiff's contention, similar to Plaintiff's contention in this case, that the negligent entrustment of the vehicle was separate and distinct from the use of the vehicle. "The fatal weakness of the appellants' contention for coverage lies in its failure to acknowledge one of the elements essential to recovery for negligent entrustment—the negligent operation of the motor vehicle."

*Id.* at 498. The court found State Farm's exclusion to be clear and unambiguous and held that "[o]nce the essential elements of the tort claim for negligent entrustment of a motor vehicle are proved, the policy exclusion is likewise legally operative so as to effectively bar liability of the insurer." *Id.* at 499.

■ In addition to excluding coverage for bodily injury arising out of use of an automobile, the applicable exclusion in this case excludes coverage for bodily injury arising out of the ownership of an automobile. Some of the same courts denying coverage on the grounds that the claim arose out of the use of an automobile have recognized an additional basis of denying coverage, that the claim is excluded as arising out of the ownership of an automobile. The Nevada Supreme Court has stated that the entrustment of a vehicle "relates to the ownership of the [vehicle] and the contractual right of the owner to permit others to use the vehicle under the protection of the vehicle liability policy. It is expressly excluded from coverage of the homeowner's policy." *Senteney v. Fire Insurance Exchange*, 101 Nev. 654, 707 P.2d 1149, 1151 (1985). *See also Lumbermens Mutual Casualty Co. v. Kosies*, 602 P.2d at 519 ("[N]egligent entrustment as a distinct and specific cause of action is not exclusive of, but rather is derived from the more general concept of ownership, operation and use of a motor vehicle.... It would be illogical to conclude that the exclusionary clause does not apply specifically to negligent entrustment of the vehicle."). Ana Maria Pyron had the authority to entrust the motor vehicle to Susie Pyron because she owned the automobile. Coverage was excluded in Love's claim, not only because her bodily injury arose out of an insured's use of a motor vehicle, but also because it arose out of an insured's ownership of a motor vehicle.

The Seventh Circuit Court of Appeals, in a case with facts similar to those in the instant case, held that the exclusion at issue, identical to State Farm's exclusion here, was not ambiguous. *Standard Mutual Insurance Co. v. Bailey*, 868 F.2d 893 (7th Cir.1989). "Clearly, this language in

the exclusionary provision of Standard's homeowners' policy was drafted with the express intention of excluding from coverage injuries associated with the motor vehicle owned by the insured." *Id.* at 896. In holding that the policy exclusion excluded coverage and relieved the insurer of any duty to indemnify or defend, the court also looked to Indiana law on negligent entrustment, which is similar to that of Mississippi.

> Our review of these [Indiana] cases leads us to the conclusion that negligent entrustment of a motor vehicle in Indiana is not independent of, but rather inextricably intertwined with, the more general concepts of ownership, operation, and use of a motor vehicle. It is also apparent that liability on the part of the entrustor is not triggered until the entrustee acts in a negligent manner while operating the motor vehicle. Thus, giving the words of the exclusionary clause their plain and ordinary meaning, we can only conclude that the Cook's negligent entrustment claim against Bailey arises out of the ownership and use of the motor vehicle owned by Bailey and is therefore clearly excluded from the coverage of the homeowners' policy under which Bailey was an insured.

*Id.* at 898. The court further observed that "[o]f the thirty-one jurisdictions that have considered the question, twenty-eight in number have held the policy exclusion at issue applicable to claims of negligent entrustment." *Id.* The Court adopts the rationale presented in *Bailey.*

There is one salient question that is the key to determining whether coverage is provided by policies using exclusions worded as the one before the Court. Did the plaintiff's injuries arise out of the use or ownership of an automobile by an insured? If they did, then there is no coverage under the policy. The Supreme Court of Mississippi has made its position clear that it will not recognize "strained interpretations" of policies in order to create otherwise nonexistent coverage. *Allstate Insurance Co. v. Moulton,* 464 So.2d 507, 510 (Miss.1985). The Court, thus, has no reason to believe that the Mississippi Supreme Court would adopt the reasoning urged by Plaintiff.

Plaintiff notes that some jurisdictions have held in finding coverage that negligent supervision, unlike negligent entrustment, is a theory separate and distinct from the use or operation of an automobile. *See, e.g., Worcester Mutual Insurance Co. v. Marnell,* 398 Mass. 240, 496 N.E.2d 158 (1986). Thus, argues Plaintiff, even if the claim for negligent entrustment is excluded, the separate claim for negligent supervision is not. A number of courts construing claims of negligent supervision and negligent entrustment have held that the two are basically synonymous for terms of this exclusion. *See, e.g., Northern Insurance Co. of New York v. Ekstrom,* 784 P.2d 320 (Colo.1989); *Great Central Insurance Co. v. Roemmich,* 291 N.W.2d 772 (S.D.1980) (little difference between the two theories of negligent entrustment and negligent supervision). These courts recognize that "the exclusion applies to a specific instrumentality, namely an automobile, rather than a theory of recovery." *Ekstrom,* 784 P.2d at 323 (the court analyzing the theory of negligent entrustment). The Court reiterates that the subject policy provision clearly and unequivocally excluded coverage for bodily injury arising out of the ownership and use of a motor vehicle owned or operated by any insured. Asserting a different theory of liability to perform an end-run around the exclusion strains the clear and unambiguous language of the provision out of all bounds, and this the Court refuses to do. Application of the exclusion is not dependent on the theory of liability asserted.

The same reasoning that would exclude the coverage of negligent entrustment and negligent supervision liability would apply equally to the claim of coverage for statutory liability under Miss.Code Ann. § 63–1–25, which provides that

> [A]ny negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly or severally liable with such minor for any damages caused by such negligence or wilful misconduct.

As with negligent entrustment, no liability could arise under the statute unless there were a negligent use (or wilful misconduct in the use) of the vehicle. Moreover, it is injuries arising from such use of a vehicle which are expressly excluded from coverage under the subject policy. Accordingly, the Court holds that the clear and unambiguous language of State Farm's policy excluded coverage for a claim of statutory liability under Section 63–1–25.

Plaintiff argues that State Farm's modification of its homeowner's policy, inserting specific exclusions for negligent entrustment and negligent supervision, is evidence that the policy language was ambiguous. The fact that State Farm later used a different policy form from the one in effect at the time of Plaintiff's accident is not an admission of ambiguity.

Cross–Claimant, Ana Maria Pyron, contends that the policy exclusion is ambiguous because it is reasonably "susceptible of two equally reasonable interpretations." In support of her contention, she cites a small minority of cases that have construed the language at issue as ambiguous. The Court has already observed that the vast majority of courts that have considered the question have found the language of the exclusion clear and unambiguous. The opinion of the Court comports with such determinations, as has been set out in this Opinion. *See Bailey,* 868 F.2d at 896 n. 4.

Because the Motion of Defendant for Summary Judgment is granted, the two Applications of Defendant for Review of the Magistrate's Orders compelling discovery are moot.

IT IS, THEREFORE, ORDERED that the Motion of Defendant State Farm Fire and Casualty Company for Summary Judgment is hereby granted in its favor on the garnishment action filed by Stacy Love and the cross-claim filed by Ana Maria Pyron. A separate judgment will be entered in accordance with this opinion.

SO ORDERED.