797 So.2d 1043 (2001)
Lincoln E. WARREN, Sr. by Lincoln E. WARREN, Jr., Conservator, Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY and American Family Home Insurance Company, Appellees.
No. 2000-CA-00361-COA.
Court of Appeals of Mississippi.
July 31, 2001.
Rehearing Denied October 23, 2001.
*1044 Bill Waller, Sr., Jackson, for Appellant.
R. Quentin Whitwell, Jr., Ashland, Thomas Y. Page, Ridgeland, David Ott, Katherine L. Howie, Hattiesburg, for Appellees.
Before KING, P.J., LEE, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. The Hinds County Circuit Court granted summary judgment to the insurance company appellees finding that the insureds' homeowner and business insurance policies did not cover damages arising from the operation of a motor vehicle belonging to the insureds. Lincoln Warren, Jr., as conservator of his father's estate, argues on appeal that the trial court erred in granting summary judgment. Finding no error, we affirm.

FACTS
¶ 2. Fifteen-year-old Daniel Shields spent a Friday night with his grandparents, Margaret and Jack Glascoe, at their home in Jackson. On the following morning, Daniel, who had received his learners' permit approximately thirty days before, drove Margaret to Yazoo City in Jack's automobile. On the return trip, Daniel collided with a vehicle driven by Lincoln Warren, Sr. Warren was seriously injured, and the Glascoes' automobile insurance did not fully compensate him. Warren sued American Family Home Insurance Company (American Family) which had issued a homeowners' insurance policy to the Glascoes. Warren also sued United States Fidelity & Guaranty Company (USF & G) which had issued a general insurance policy to Jack Glascoe d/b/a Glascoe Corner Grocery. Warren theorized that the Glascoes were negligent for entrusting their vehicle to their grandson and that they were negligent in supervising their grandson.
¶ 3. The trial court granted summary judgment to American Family and USF & G, finding that their respective policies excluded damages for injuries arising from the Glascoes' ownership of a motor vehicle.

LAW AND ANALYSIS

DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT TO AMERICAN FAMILY AND USF & G?
¶ 4. The American Family policy contains the following exclusions:
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to "bodily injury" or "property damage ..."
f. Arising out of:
(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
(2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or

*1045 (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
¶ 5. The USF & G policy excludes personal injuries: "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto,' snowmobile or trailer design for use therewith, or watercraft owned or operated by, or rented, leased or loaned to any insured."
¶ 6. Unambiguous insurance contract terms will be construed as written. Lowery v. Guar. Bank and Trust Co., 592 So.2d 79, 82 (Miss.1991). Both of the policies at issue in the case sub judice clearly exclude liability for injuries arising from the entrustment of a motor vehicle to others. Thus, the trial court's grant of summary judgment on the negligent entrustment claim was appropriate.
¶ 7. In addition to his negligent entrustment claim, Warren argues that the Glascoes were negligent in supervising their grandson. Warren argues damages for negligent supervision are not excluded from either the American Family or the USF & G policies.
¶ 8. The United States District Court for the Southern District of Mississippi has resolved this issue in favor of the insurance companies. In Love v. McDonough, 758 F.Supp. 397 (S.D.Miss.1991), the court, construing a similar exclusion in a homeowners' policy, framed the issue as follows:
There is one salient question that is the key to determining whether coverage [for negligent supervision] is provided by policies using exclusions worded as the one before the Court. Did the plaintiffs injuries arise out of the use or ownership of an automobile by an insured? If they did, then there is no coverage under the policy. The Supreme Court of Mississippi has made its position clear that it will not recognize "strained interpretations" of policies in order to create otherwise nonexistent coverage.
Id. at 402.
¶ 9. The Love court acknowledged the plaintiffs argument that negligent supervision was a different theory of liability than negligent entrustment. However, the court adopted the rationale of numerous other courts which view negligent entrustment and negligent supervision as synonymous terms when interpreting similar policy exclusions. Id. The court noted: "These courts recognize that `the exclusion applies to a specific instrumentality, namely an automobile, rather than a theory of recovery.'" Id. (citing Northern Ins. Co. of New York v. Ekstrom, 784 P.2d 320 (Colo.1989)). The court, ruling that the policy clearly excluded coverage for injuries arising out of the insured's ownership of a motor vehicle, concluded: "Asserting a different theory of liability to perform an end-run around the exclusion strains the clear and unambiguous language of the provision out of all bounds, and this the court refuses to do. Application of the exclusion is not dependent on the theory of liability asserted." Love, 758 F.Supp. at 402.
¶ 10. As in Love, the American Family and USF & G policies clearly exclude liability for damages arising from the insured's ownership of any motor vehicle. Warren's damages are clearly not compensable under either the American Family or the USF & G policies because they were caused by a motor vehicle owned by the insured parties. We agree with the Love court's reasoning that asserting a different theory of liability, e.g., negligent supervision, strains the clear language of the exclusion and we, like the Love court, refuse to construe the policy in this convoluted *1046 manner. The astute trial court correctly ruled that the American Family and USF & G policies clearly and unambiguously excluded Warren's damages from coverage. We, therefore, affirm the trial court's grant of summary judgment to the insurance company appellees.
¶ 11. JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT TO APPELLEES IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., CONCUR.