Peter BRAEGELMANN, et al.,
Respondent,

v.

HORIZON DEVELOPMENT COMPANY,
Defendant and third party
Plaintiff, Respondent,

v.

BERNARD L. DALSIN COMPANY,
third party Defendant, Appellant.

No. C9–85–159.

Court of Appeals of Minnesota.

July 30, 1985.

Review Denied Oct. 11, 1985.

Mitchell R. Spector, Minneapolis, for respondent Braegelmann.

M.C. Green, St. Paul, for respondent Horizon Development Co.

Robert L. Bach, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Bernard L. Dalsin Co. appeals from summary judgment holding that Dalsin is obligated to indemnify respondent Horizon Development Co. for all damages under the terms of an indemnification contract irrespective of any contributory negligence on the part of Horizon. On appeal, Dalsin contends the indemnification clause does not entitle Horizon to indemnification for damages to the extent caused by Horizon's negligence. We reverse.

## FACTS

Respondent Peter Braegelmann, an employee of Bernard L. Dalsin Co. (Dalsin), brought suit against Horizon Development Company (Horizon) for personal injuries sustained while working on a construction project in Arden Hills, for which Horizon was the general contractor. Horizon filed a third-party action against Dalsin, the subcontractor, alleging Dalsin's own negligence at least partially caused Braegelmann's accident.

Horizon tendered the defense to Dalsin and asserted its claims against Dalsin for contractual indemnification pursuant to the subcontract executed on March 3, 1981. The subcontract was an American Institute of Architects standard form (AIA Document A401—1978 Edition). Clause 11.-11.1 provides, in part:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the * * * Contractor and all of their agents and employees from and against all claims, damages, losses and expenses * * * arising out of or resulting from the performance of the Subcontractor's Work under the Subcontract, provided that any such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death, * * * to the extent caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph 11.11.

Dalsin refused to accept the tender of defense.

Horizon and Dalsin filed cross-motions for summary judgment regarding the scope of this indemnification clause. The trial court entered summary judgment in favor of Horizon, holding that if Dalsin is in any degree negligent, Dalsin is obligated to in-

demnify Horizon for all damages irrespective of any contributory negligence on the part of Horizon. The proceedings were stayed pending appellate review. Dalsin appealed.

## ISSUE

Under the terms of the indemnification clause, is Horizon entitled to indemnification for damages resulting from its share of negligence?

## ANALYSIS

Dalsin asserts that, under the clause, Horizon is entitled to indemnification only to the extent of Dalsin's share of the total negligence. Under this interpretation, if Dalsin is found to be only 20% negligent, Dalsin would be obligated to indemnify Horizon for 20% of the eventual damages, if any, to Braegelman.

Indemnification agreements seeking to indemnify a party for losses resulting from that party's own negligent acts are not favored in the law. Such agreements contained in, or executed in connection with, building and construction contracts entered into after August 1, 1984, are void and unenforceable. Minn.Stat. § 337.02 (1984). Agreements entered into prior to August 1984, including the provision before us, are not construed in favor of indemnification unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it. In short, such provisions are strictly construed against the party seeking indemnification. *Johnson v. McGough Construction Co.*, 294 N.W.2d 286 (Minn.1980).

In *Johnson*, the Minnesota Supreme Court applied strict construction to a standard Associated General Contractors subcontract agreement which contained the following indemnity provision:

> The Sub-Contractor agrees to assume entire responsibility and liability for all damages * * * and the Sub-Contractor agrees to indemnify and save harmless the Contractor * * * from all such claims including, * * * claims for which the Contractor may be, or may be claimed to be, liable * * *.

*Id.* at 287. The court found that this language "clearly and unequivocally" expressed the intention that the subcontractor was to indemnify the general contractor for liability occasioned by its own negligence. *Id.* at 288.

The standard AIA language used here differs from the standard Associated General Contractors language interpreted by *Johnson.* The AIA subcontract provision required Dalsin to "indemnify and hold harmless" Horizon from damages *"to the extent* caused in whole or in part by any negligent act or omission of [Dalsin]." (Emphasis added). The trial court, relying on the clause "regardless of whether it is caused in part by a party indemnified hereunder," held that the provision passes the strict construction test. We disagree.

The phrase "indemnify and hold harmless", in the technical sense, suggests an intent to reimburse the indemnitee for damages which may be asserted against the indemnitee for its own negligence. If that were the end of it, the trial court's interpretation would be correct.

The additional phrase, "to the extent caused," however, suggests a "comparative negligence" construction under which each party is accountable "to the extent" their negligence contributes to the injury. Minnesota is a comparative negligence jurisdiction—more specifically "comparative fault." *See* Minn.Stat. § 604.01 (1984). The remaining language, "regardless of whether it is caused in part by a party indemnified hereunder," makes the indemnification provision equivocal at best and it therefore fails under the strict construction standard.

## DECISION

Under the terms of this indemnification clause, the general contractor is not contractually entitled to indemnification from the subcontractor to the extent damages

were caused by the general contractor's own negligence.

Reversed.

POPOVICH, Chief Judge, dissenting.

I respectfully dissent and would affirm the trial court, which had little difficulty recognizing the clear meaning of the indemnification provision and said:

> There is in fact no difference between the language "regardless of whether it is caused in part by a party indemnified hereunder" as found in the instant indemnification agreement and the language "claims for which the contractor may be, or may be claimed to be, liable" which the *Johnson* court approved.
>
> The language in the instant indemnification agreement "clearly and unequivocally states the intent that the indemnitor is liable to the indemnitee for its negligence." *Johnson, supra.*, 294 N.W.2d at 288. Further, the language is clear in its intent to hold the contractor harmless from all liability if the sub-contractor is in any way found to be negligent.
>
> The language "to the extent caused in whole or in part by any negligent act or omission of the sub-contractor * * regardless of whether it is caused in part by a party indemnified here-under," clearly manifests an intent that the sub-contractor will be completely liable for indemnification if in any way negligent.

The parties clearly agreed to the provision which was entered into prior to August 1, 1984, after which date such provisions are void and unenforceable. Minn. Stat. § 337.02 (1984). I believe the provision met the strict construction test and is similar to the standard Associated General Contractors' indemnity provision that was upheld by the Minnesota Supreme Court.