PHILLIP S. SENTENEY, BY HIS GUARDIAN AD LITEM, THOMAS EDGAR SENTENEY, ET AL., APPELLANT, *v.* FIRE INSURANCE EXCHANGE, A RECIPROCAL OR INTER-INSURANCE EXCHANGE, RESPONDENT.

No. 15860

November 5, 1985                                    707 P.2d 1149

*Riley M. Beckett*, Carson City, and *J. P. Reynolds*, Reno, for Appellant.

*Hibbs, Roberts, Lemons and Grundy*, and *Robert L. Eisenberg*, Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant was injured as a result of a single-vehicle accident which occurred on March 27, 1982, in Carson City, Nevada. Appellant was a passenger on a motorcycle driven by Jimmey Gregory. The motorcycle was owned by Jimmey's father, Charles W. Gregory.

The helmets used with the motorcycle at the time of the accident had been modified by Mr. Charles W. Gregory. Additionally, at the time of the accident, the front tire of the motorcycle allegedly was under-inflated, while the rear tire allegedly was over-inflated. Both tires allegedly were "bald" and had been in that condition for a considerable period of time. Charles W. Gregory loaned the motorcycle to Jimmey a number of days before the accident.

At the time of the accident, Charles W. Gregory had an insurance policy specifically covering the motorcycle involved in the accident. That policy had a liability limit of $100,000. Charles W. Gregory also had a homeowner's policy that had been issued by respondent. That policy also had a limit of $100,000. The homeowner's policy contained the following exclusion: "This insurance does not apply . . . to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of . . . any motor vehicle owned or operated by, or rented or loaned to any insured."

Appellant filed a personal injury suit against Jimmey Gregory and Charles W. Gregory. The motorcycle insurance carrier offered to settle the case, under the motorcycle insurance, for the policy limit of $100,000. Appellant declined the offer, alleging that the homeowner's policy also applied to the accident.

On February 7, 1983, respondent filed a complaint for declaratory relief against Charles W. Gregory. Appellant was later made a party to the declaratory relief action and the case proceeded without the active participation of Charles W. Gregory.

On November 22, 1983, respondent filed a motion for summary judgment in the declaratory relief action. Respondent attempted to show that the homeowner's policy did not apply because appellant's injuries arose out of the ownership, maintenance, operation and use of a motor vehicle owned by Charles W. Gregory. Appellant, of course, opposed the motion. The district court thereafter granted summary judgment to respondent.

Appellant contends that the homeowner's policy should be interpreted so as to allow coverage in this case. We disagree. An insurance policy is a contract. This Court should not rewrite contract provisions that are otherwise unambiguous. *See* Parsons Drilling, Inc. v. Polar Resources, 98 Nev. 374, 649 P.2d 1360 (1982). Nor should this Court attempt to increase the legal obligations of the parties where the parties intentionally limited such obligations. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981).

Appellant bases his argument for recovery on three grounds: negligent entrustment, entrustment of an unsafe and dangerous

instrumentality in the form of a motor vehicle, and providing unsafe equipment in conjunction with negligent entrustment. We find none of these theories persuasive. Appellant suggests that his three stated causes of action are separate and unrelated to the ownership, maintenance, operation or use of the motor vehicle. However, we conclude that in each instance there is a sufficient nexus between the acts of Charles W. Gregory and the ownership, maintenance, operation and use of the motorcycle to fall within the exclusion of respondent's homeowner's policy.

Appellant first contends that the homeowner's policy must apply because of the insured's negligent entrustment of the motorcycle to his son. However, this act relates to the ownership of the motorcycle and the contractual right of the owner to permit others to use the vehicle under the protection of the vehicle liability policy. It is expressly excluded from coverage of the homeowner's policy.

Appellant's second theory suggests that poor condition of the tires contributed to the accident. The condition of the motorcycle relates to the maintenance of the vehicle and is therefore excluded from the coverage of the homeowner's policy. Appellant's third theory is based on the proposition that the modified helmets seriously aggravated appellant's injuries. The modification of the helmets also stemmed from or was related to the ownership, maintenance, operation and use of the motorcycle. As such, it was also excluded from coverage of the homeowner's policy.

We recognize that circumstances could occur that would permit coverage by both policies. However, in order for such "double coverage" to exist, there would have to be a "non-vehicle" related cause. That cause must be separate and distinct from the vehicle. Actions pertaining to the use or operation of the vehicle are not sufficient.

Due to the unambiguous language of respondent's homeowner's insurance policy which excluded coverage from any injury arising out of the ownership, maintenance, operation or use of the insured vehicle, we conclude that the district court was correct in finding no issues of fact and in granting a summary judgment in favor of respondent. The judgment of the district court is therefore affirmed.