*592
 
 OPINION
 

 Per Curiam:
 

 SUMMARY
 

 This matter presents two issues: (1) whether the designation of the named insured in a general liability policy was ambiguous; and (2) under what circumstances does an insurer waive its right to assert an otherwise applicable exclusion set forth in an insurance policy.
 

 Jefferson Insurance Company of New York (“Jefferson”) issued a general liability policy to Clara Moor and Second Mom Child Care (“Second Mom”), a day care business that Clara operated out of her home. Clara is married to Dennis Moor. Dennis was involved in an automobile accident while driving one of their personal vehicles in the scope and course of this family business.
 

 Jefferson denied coverage for injuries arising out of the car accident, claiming that coverage was excluded under the automobile exclusion clause in the policy. Appellants ultimately filed a declaratory relief action to challenge the validity of that denial. The district court eventually granted Jefferson’s motion for summary judgment, declaring that no coverage was afforded under the policy.
 

 Thereafter, appellants filed this timely appeal contending, among other things, that the district court erred in granting Jefferson’s motion for summary judgment because the policy did not exclude coverage, or alternatively, because Jefferson had waived its right to assert this basis for denial of coverage. We conclude that appellants’ contentions lack merit. We therefore affirm the order and judgment of the district court.
 

 STATEMENT OF THE FACTS
 

 On November 21, 1992, a car driven by Dennis, in which he held joint title with his wife, Clara, collided with a car driven by Christine Mascóla and also occupied by Phyliss Vitale and Justin Smith. Dennis was apparently conducting business for Second Mom at the time of the accident. Thereafter, Vitale, Smith, and Mascóla filed a personal injury action against the Moors and Second Mom. This action was defended by Liberty Mutual, as the Moors were covered by an automobile liability policy with Liberty Mutual with aggregate policy limits of $100,000.00.
 

 The parties to the personal injury action entered into a settlement agreement (the “agreement”), whereunder the Moors and Second Mom stipulated to entry of judgment against them for
 
 *593
 
 $717,500.00, and pursuant to which Liberty Mutual paid its policy limits of $100,000.00. The agreement further provided that the Moors and Second Mom would assign all of their causes of action against Jefferson to Vitale, Mascóla and Smith in exchange for their agreement not to execute or record the judgment against the Moors and Second Mom. The agreement essentially shielded the Moors and Second Mom from any direct liability for the judgment and gave the personal injury plaintiffs the right to sue Jefferson.
 

 Jefferson issued a $300,000.00 aggregate general liability policy to Clara and Second Mom. Clara purchased the policy for $150.00 through the Professional Day Care Providers Association, a non-profit association that serves the needs of day care providers.
 

 Jefferson was notified of the personal injury action prior to settlement with Liberty Mutual, but denied coverage in a letter, dated December 28, 1993. Jefferson’s letter provided, in relevant part, that there was no coverage for the claim and cited the full text of exclusion (b) of the policy, an automobile exclusion provision.
 

 Armed with the assigned rights under the settlement agreement, Vitale, Mascóla, Smith, the Moors, and Second Mom filed a complaint seeking damages against Jefferson. They later filed a motion for partial summary judgment alleging that exclusion (b) was inapplicable because Dennis was not one of the “persons insured” under the policy. This contention was based on the discreet failure to designate Second Mom as a sole proprietorship or Clara as an individual in the space indicated for that purpose on the declaration sheet. This failure, they argued, rendered Dennis a non-insured under the policy because he was not a spouse of an insured specifically designated as either an individual or a sole proprietorship. They therefore reasoned, because the automobile exclusion could only be triggered if Dennis was a “person insured” under section 11(a), the exclusion could not apply. Appellants’ position in this regard was offered notwithstanding that Clara was a named insured, was in fact operating Second Mom as a sole proprietorship, was married to Dennis, and that a named insured’s spouse is a “person insured” under the policy. In support of their contentions, appellants proffered testimony from a purported insurance expert.
 

 Jefferson filed a countermotion for summary judgment, arguing that the exclusion of losses arising from automobile accidents involving “persons insured” applied (exclusion (b)) for the following reasons: First, Clara was one of the “persons insured” as set forth on the declaration page and an owner of the automobile that caused the accident; second, under section 11(a) of the policy, Dennis, as the spouse of Clara, was one of the ‘ ‘persons insured,’ ’
 
 *594
 
 regardless of the fact that Clara was not designated as an individual or that Second Mom was not designated as a sole proprietorship on the declaration page.
 

 After conducting a hearing on the cross-motions for summary judgment, the district court ruled that Jefferson properly denied coverage under the automobile exclusion. Appellants filed this timely appeal, contending that the district court erred because Dennis was not a “person insured” under the policy or, alternatively, because Jefferson had waived its right to assert exclusion (b).
 

 DISCUSSION
 

 Summary judgment orders are reviewed de novo.
 
 See
 
 Day v. Zubel, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996). Summary judgment is only appropriate when a review of the record in a light most favorable to the non-moving party reveals that there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law.
 
 See id.
 
 at 972, 922 P.2d at 538.
 

 In the instant matter, appellants contend that the district court erred in granting Jefferson’s motion for summary judgment because there was a triable issue of material fact concerning whether the policy provided coverage for the loss sustained in the automobile accident. Specifically, appellants argue that the policy provided coverage because it contained an extremely broad insuring clause from which the operation of motor vehicles by Dennis, Clara, and Second Mom was not excluded from coverage. We disagree.
 

 In reviewing coverage under an insurance policy, we are guided by several well-recognized tenets of construction. First, we have held that we will construe the terms of an insurance policy in their plain and ordinary sense and from the viewpoint of one not trained in law.
 
 See
 
 National Union Fire Ins. v. Reno’s Exec. Air, 100 Nev. 360, 364, 682 P.2d 1380, 1382 (1984). Second, we have held that when an insurer restricts coverage of a policy, it should employ language that clearly and distinctly communicates to the insured the nature of the limitation.
 
 See id.
 
 Finally, we have held that any ambiguity or uncertainty in an insurance policy must be construed against the insurer and in favor of the insured.
 
 See id.
 

 The insuring clause in the policy at issue provides that:
 

 The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
 

 A. bodily injury or
 

 B. property damage
 

 
 *595
 
 to which this insurance applies, caused by an occurrence, ....
 

 An occurrence is defined as:
 

 [A]n accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured: ....
 

 Although this insuring clause contains broad language, it is clearly limited by the policy section titled “Exclusions.” Particularly, damages associated with an automobile accident are excluded in provision (b) that provides:
 

 This insurance does not apply:
 

 (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
 

 (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
 

 (2) any other automobile or aircraft operated by any person in the course of his employment by any insured;
 

 In Senteney v. Fire Insurance Exchange, 101 Nev. 654, 656, 707 P.2d 1149, 1150 (1985), we held that an analogous automobile exclusion provision was valid in a homeowner’s policy because it was clear and unambiguous. In so doing, we stated that this court would neither rewrite unambiguous insurance provisions nor attempt to increase the legal obligations of the parties where the parties intentionally limited such obligation.
 
 See id.
 
 at 656, 707 P.2d at 1151.
 

 In light of this court’s holding in
 
 Senteney
 
 and the plain language of the policy, we conclude that exclusion (b) clearly and unambiguously excludes coverage for losses arising out of the automobile accident. As noted, appellants contend that exclusion (b) does not apply to them because Dennis is not a “person insured” under the policy.
 

 The term “person insured” is defined, in relevant part, under section II of the policy:
 

 (a) if the named insured is designated in the declarations as an individual, [a person insured is] the person so designated but only with respect to the conduct of a business of which
 
 *596
 
 he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;
 

 (b) if the named insured is designated in the declarations as a partnership or joint venture, [a person insured is] the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;
 

 (c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, [a person insured is] the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;
 

 Again, although Clara was named as the insured, was operating Second Mom as a sole proprietorship and was married to Dennis, and although a spouse of a named insured is a “person insured” under the Jefferson policy, appellants claim that the failure to designate Clara as an individual or a sole proprietor in the space provided for such designations is determinative of whether Dennis may be a “person insured” for the purpose of the exclusion. We disagree.
 

 The plain language of section 11(a) defines a ‘ ‘person insured’ ’ as both an individual designated on the declarations page and the individual’s spouse, provided they are conducting business for the insured sole proprietorship. We conclude that Dennis falls within the purview of section 11(a) because he is the spouse of Clara, an individual named on the declarations page, and apparently conducting business for the insured sole proprietorship, Second Mom. Indeed, the declarations page of the policy designates the “Named Insured” as “Second Mom Child; Clara Moor.” Implicit in this designation is the fact that Clara is an individual. Further, because Second Mom is in actuality a sole proprietorship, and not a joint venture or partnership (implicating section 11(b)), or a corporation (implicating section 11(c)), section 11(a)’s definition of “persons insured” is applicable. Thus, the failure to check the box on the declaration sheet denominating the named insured as either an individual or as a sole proprietorship is not determinative of coverage.
 
 [1]
 

 Accordingly, we conclude that Dennis was a “person insured”
 
 *597
 
 under the policy because he falls within the purview of section 11(a).
 

 Waiver of an otherwise applicable exclusion
 

 Appellants alternatively contend that Jefferson waived its right to deny coverage under the automobile exclusion provision because Jefferson did not designate the “persons insured” in its 1993 written denial of coverage. We conclude that Jefferson did not waive its right to assert this automobile exclusion by failing to define “persons insured” in its letter denying coverage.
 

 In Intel Corp. v. Hartford Accident & Indemnity Co., 952 F.2d 1551, 1561 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that an insurer did not waive its right to rely on a different policy exclusion because the insurer informed its insured that ‘ ‘the pollution exclusion,’ ’ a standard and unambiguous exclusion, was applicable. In its reasoning, the
 
 Intel
 
 court clarified the decision in McLaughlin v. Connecticut General Life Insurance Co., 565 F. Supp. 434 (N.D. Cal. 1983),
 
 [2]
 
 in stating that waiver applies only in instances where the insurer engaged in misconduct, such as “sandbagging” or failing to investigate a claim, or where the insured relied on an insurer’s misrepresentation to his detriment. 952 F.2d at 1559-60. We agree with the
 
 Intel
 
 court that an insurer does not waive its right to assert an exclusion where it has provided its insured with adequate notice of an unambiguous exclusion.
 

 In the present case, like the insurer in
 
 Intel,
 
 Jefferson promptly informed the Moors that it was denying coverage based on exclusion (b)—a standard and unambiguous automobile exclusion provision common to general liability policies. Although Jefferson’s 1993 letter denying coverage did not specifically identify the “persons insured” for purposes of exclusion (b), we cannot say that such failure misled appellants or was an attempt by Jefferson to mislead them. We conclude that the Moors were not prejudiced by Jefferson’s failure to define the “persons insured” language in its 1993 letter because this definition could be readily ascertained from a layman’s reading of section 11(a) of the policy.
 

 Because the Moors were clearly on notice that Jefferson was
 
 *598
 
 relying on the automobile exclusion provision of the policy, we conclude that Jefferson did not waive its right to exclude coverage based upon exclusion (b) of the policy.
 

 CONCLUSION
 

 We conclude that the district court did not err in granting Jefferson’s motion for summary judgment because losses arising from automobile accidents were excluded under exclusion (b) of the policy. Accordingly, we affirm the order and judgment of the district court.
 

 [1]
 

 If appellants’ contention were sustained, there would be no actual persons insured to be protected by this coverage. This would lead to an absurd construction of this insurance agreement. Additionally, the Moors may not contend that they were not “persons insured.” Thus, the assignees of their rights against Jefferson are barred from making this claim of coverage.
 

 [2]
 

 In
 
 McLaughlin,
 
 the court held that “where an insurer relies on a specified ground for denying liability, it may not thereafter deny liability on another ground if ... a reasonable investigation would have revealed the basis.” 565 F. Supp. at 452 (citing Stone v. Waters, 483 S.W.2d 639 (Mo. Ct. App. 1972)). In so doing, the court reasoned that an insurer has a duty of good faith that requires it to fully inform the insured of its basis for denial of coverage.
 
 See id.