CGU/HAWKEYE SECURITY INSUR-ANCE COMPANY; United States Fidelity & Guaranty Company, Plaintiffs—Appellees,

v.

OASIS LAS VEGAS MOTOR COACH PARK, L.P.; Torino Construction Corporation of Nevada, Defendants—Appellants,

and

St. Paul Fire & Marine Insurance Company; Walchop, Inc., Defendants.

No. 02–15401.

D.C. No. CV–99–01781–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Resubmitted May 22, 2003.

Decided May 22, 2003.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM *

Nevada law governs our interpretation of Walchop's insurance policies. We "construe the terms of an insurance policy in their plain and ordinary sense and from the viewpoint of one not trained in law." *Vitale v. Jefferson Ins. Co.*, 116 Nev. 590, 5 P.3d 1054, 1057 (2000) (per curiam) (citing *Nat'l Union Fire Ins. Co. v. Reno's Executive Air, Inc.*, 100 Nev. 360, 682 P.2d 1380, 1382 (1984) (per curiam)). Any ambiguity in an insurance policy "must be construed against the insurer and in favor of the insured." *Id.* An insurer's policy restrictions and exclusions must "clearly and distinctly communicate[ ] to the insured the nature of the limitation." *Id.*

The "Work Performed Exclusion" contained in Walchop's insurance policies excludes coverage for damage to the concrete pads resulting from Walchop's own work but not from the work of a "subcontractor," a term not defined in the policies. As recognized by the district court, the term is not defined by any applicable Nevada statute either. Black's Law Dictio-

nary defines a "subcontractor" as one "who is awarded a portion of an existing contract by a contractor." BLACK'S LAW DICTIONARY 1155 (7th ed. 2000); *see also* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1171 (10th ed. 1999) (a subcontractor is "an individual ... contracting to perform part or all of another's contract").

Nevada Revised Statute § 40.620 describes a "contractor" as a person who "1. [d]evelops, constructs, alters, repairs, improves or landscapes a residence, appurtenance or any part thereof." Section 624.020 defines a contractor as "any person ... who ... undertakes to ... construct, alter, repair, add to, subtract from, [or] improve ... any building, highway, road, ... or other structure." Nev.Rev. Stat. § 624.020(2). A "contractor" under this provision, not directly applicable here, "includes a subcontractor or specialty contractor, but does not include anyone who merely furnishes materials or supplies without fabricating them into ... the work of a contractor." *Id.* § 624.020(3).

In its contract with Torino, Walchop undertook to prepare the subgrade, build the wooden forms, mix and pour the concrete, and perform every other function necessary to construct the concrete pads. Ready Mix assumed the "mix and pour" portion of Walchop's primary contract. In doing so, Ready Mix performed work on-site, placing material—concrete—permanently in the pads under construction. This activity was part of the actual process of building the pads, and part of the construction activity Walchop had been hired to perform.

Looking at the plain meaning of the contract and the presumptions in favor of the insured, we therefore find the district court's conclusion that Ready Mix was a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

materialman to be in error. Ready Mix did not merely deliver concrete but took over a portion of Walchop's contract by performing construction work on-site.

**REVERSED and REMANDED.**

GRABER, Circuit Judge, dissenting.

I respectfully dissent.

In my view, Ready Mix was a supplier and deliverer of materials, not a "subcontractor." The fact that a materialman supplies a product that is blended to specifications does not turn the materialman into a subcontractor. Simply put, a company that mixes batches of concrete and dumps them at the work sites is a supplier of materials and is not performing enough of the construction contract to be a "subcontractor."

The facts on which the district court relied are relevant to this question, *see, e.g., United States v. Aetna Cas. & Sur. Co.*, 981 F.2d 448 (9th Cir.1992), and I agree with its analysis. Therefore, I would affirm.