FILED

**NOT FOR PUBLICATION**

MAR 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIVERWOOD PARTNERS, LLC, a Nevada limited liability company, <br><br>                  Plaintiff - Appellant, <br><br>     v. <br><br> MAX BAER PRODUCTIONS, LTD., a California corporation, <br><br>                  Defendant - Appellee. | No. 12-15436 <br><br> D.C. No. 3:10-cv-00668-RCJ-VPC <br> District of Nevada, <br> Reno <br><br><br> MEMORANDUM[*] |
| RIVERWOOD PARTNERS, LLC, a Nevada limited liability company, <br><br>                  Plaintiff - Appellee, <br><br>     v. <br><br> MAX BAER PRODUCTIONS, LTD., a California corporation, <br><br>                  Defendant - Appellant. | No. 12-15581 <br><br> D.C. No. 3:10-cv-00668-RCJ-VPC <br> District of Nevada, <br> Reno |

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

| | |
|---|---|
| MAX BAER PRODUCTIONS, LTD, a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> RIVERWOOD PARTNERS, LLC, a Nevada Limited-Liability Company, <br><br> Defendant - Appellee. | No. 12-16743 <br><br> D.C. No. 3:09-cv-00512-RCJ-RAM <br> District of Nevada, <br> Reno |
| MAX BAER PRODUCTIONS, LTD, a California corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> RIVERWOOD PARTNERS, LLC, a Nevada Limited-Liability Company, <br><br> Defendant - Appellant. | No. 12-17811 <br><br> D.C. No. 3:09-cv-00512-RCJ-RAM <br> District of Nevada, <br> Reno |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted February 11, 2014[**]
San Francisco, California

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior District Judge.***

Max Baer Productions ("Baer") appeals the district court's dismissal of its breach of contract claims and the district court's dismissal of its counterclaim for conversion in the deficiency action filed by Riverwood Partners ("Riverwood"). Riverwood appeals the district court's denial of attorneys' fees in the contract action as well as the district court's grant of summary judgment to Baer in the deficiency action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

It is clear from the face of the parties' agreement that Riverwood's development obligations were not yet due, and Baer's remedies for Riverwood's failure to complete the development work were limited to Baer's assuming completion of the work itself and seeking Riverwood's pro rata share of the costs. *See United Rentals Highway Techs., Inc. v. Wells Cargo, Inc.*, 289 P.3d 221, 229 (Nev. 2012) (holding that a court will not "attempt to increase the legal obligations of the parties where the parties intentionally limited such obligations"). Because no breach existed under the parties' agreement, and because Baer did not seek any damages, we affirm the district court's dismissal of Baer's contract claims.

---

*** The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

We also affirm the district court's dismissal of Baer's conversion claim because Baer abandoned its claim on appeal when it failed to cite to the record or to any legal authority in its opening brief. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that bare assertions of issues do not preserve claims).

Riverwood failed to provide the statutorily mandated evidence of the predicate foreclosure sale. *See* Nev. Rev. Stat. § 40.455 (providing that a court shall award a deficiency judgment to the beneficiary of a deed of trust "if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of the proceeds of the sale and a balance remaining due"). The fact that Riverwood was later able to present the district court with a signed trustee's deed was not grounds to reconsider the court's previous order. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that the "overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence'" for a motion for reconsideration). Accordingly, we affirm the district court's grant of Baer's motion for summary judgment and denial of reconsideration.

4

Riverwood is not entitled to attorneys' fees on any of its claims. The agreement expressly limited reasonable attorneys' fees to "prevailing" parties. The district court did not abuse its discretion when it found that neither Baer nor Riverwood was a prevailing party under the agreement because the district court had dismissed all of the claims and counterclaims.

Likewise, Riverwood is not entitled to attorneys' fees pursuant to Nev. Rev. Stat. § 17.115. The district court did not abuse its discretion by failing to award Riverwood attorneys' fees under Nev. Rev. Stat. § 17.115 because the district court expressly considered each of the *Beattie* factors. *See Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

Riverwood is not entitled to attorneys' fees pursuant to Nev. Rev. Stat. §§ 7.085 or 18.010. The district court did not abuse its discretion when it decided that awarding Riverwood attorneys' fees was inappropriate because there was "no reasonable basis for suit for breach of contract by either party in this case," and Riverwood's counterclaims were equally groundless. *See* Nev. Rev. Stat. §§ 7.085, 18.010 (providing that the statutes should be liberally construed in favor of awarding attorneys' fees, but only "in all appropriate situations").

AFFIRMED.