**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN TANNER HANSEN; et al., | No. 12-17362 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-01519-GMN-CWH |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted January 15, 2015[**]
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Stephen Hansen and Clark Lefevre appeal from the district court's grant of summary judgment in favor of Liberty Mutual Fire Insurance Company ("Liberty Mutual") on their claims of breach of contract, bad faith, and violations of the Nevada Unfair Claims Practices Act, Nev. Rev. Stat. § 686A.310, as well as the district court's denial of their motion for reconsideration filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

I

Under Nevada law, a homeowner's insurance policy that provides coverage for harm resulting from an "accident," and excludes coverage for harm "expected or intended by the 'insured,'" does not require the insurer to provide coverage for harm that results from intentional action on the part of the insured, even if the insured did not intend to cause the resulting harm. *See Beckwith v. State Farm Fire & Cas. Co.*, 83 P.3d 275, 277 (Nev. 2004) (en banc). Here, the only admissible evidence in the record indicates that Jeff Hart intended to throw a rock at the Lefevre truck, harming both the truck and the passengers inside. Moreover, because Liberty Mutual's provision of coverage in the *Quinn* lawsuit involved no intentional action on the part of Jeff Hart, such provision of coverage does not constitute a waiver of Liberty Mutual's right to rely on the policy's requirement that covered harm result from an accident, not intentional action by the insured.

2

*See Vitale v. Jefferson Ins. Co. of New York*, 5 P.3d 1054, 1058–59 (Nev. 2000) (per curiam) (endorsing the Ninth Circuit's interpretation of California law as requiring misconduct on the part of the insured in order to find waiver). Thus, the district court did not err in granting summary judgment on Hansen and Lefevre's breach of contract and bad faith claims. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (per curiam) (requiring improper denial of coverage for a claimant to succeed on a bad faith claim).

## II

Because Hansen and Lefevre's request for a continuance and motion for reconsideration both turned upon their mistaken belief that Liberty Mutual's provision of coverage in the *Quinn* case constituted a waiver of its right to deny coverage in this case, the district court did not abuse its discretion in denying either of those requests. *See Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

## III

Because Hansen and Lefevre failed to identify any facts to dispute Liberty Mutual's accurate and diligent denial of coverage, the district court did not err in granting summary judgment on their claims brought under the Nevada Unfair Claims Practices Act.

**AFFIRMED.**